LIDDLE & ROBINSON, L.L.P.
Michael E. Grenert, Esq. (NJ ID #039091995)
800 Third Avenue
New York, New York 10022
Telephone: (212) 687-8500
Facsimile: (212) 687-1505
E-mail: mgrenert@liddlerobinson.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------x
ANTHONY ZASCONE, Individually and : Civil Action No.: _____
On Behalf of All Persons Similarly Situated, :
:
Plaintiffs, :
:
-against- : **COMPLAINT**
:
:
U.S. REMODELERS, INC. and : JURY TRIAL DEMANDED
U.S. HOME SYSTEMS, INC., :
:
Defendants. :
-------------------------------------------------------x

Plaintiff, on behalf of himself and all others similarly situated, allege for their complaint against U.S. Remodelers, Inc. ("U.S. Remodelers") and U.S. Home Systems, Inc. ("U.S. Home Systems"), upon knowledge with respect to their own acts and upon information and belief with respect to all other matters, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings a collective action and alleges on behalf of himself and other similarly situated current and former employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are (i) entitled to unpaid wages from U.S. Remodelers, jointly and severally with U.S. Home System, for hours worked, (ii) entitled to unpaid wages from U.S. Remodelers, jointly and severally with

U.S. Home Systems, for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) entitled to liquidated damages from Defendants pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Plaintiff brings a class action and alleges on behalf of himself and other similarly situated current and former employees of Defendants, that they are (i) entitled to unpaid wages from U.S. Remodelers, jointly and severally with U.S. Home Systems, for hours worked, and (ii) entitled to unpaid wages from U.S. Remodelers, jointly and severally with U.S. Home Systems, for overtime work for which they did not receive overtime premium pay, as required by law, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.* (the "NJWHL").

## THE PARTIES

3. Plaintiff, Anthony Zascone, is an adult individual residing at 323 Nautilus Boulevard, Forked River, New Jersey 08731.

4. Upon information and belief, Defendant U.S. Remodelers, which is in the business of home remodeling, is a corporation headquartered at 750 State Highway 121, Suite 170, Lewisville, Texas 75067, that does business in New Jersey, where Plaintiff is employed, as well as other states.

5.      U.S. Remodelers is a wholly owned subsidiary of Defendant U.S. Home Systems.  U.S. Home Systems is a corporation headquartered at 405 State Highway 121 Bypass, Building A, Suite 250, Lewisville, Texas 75067, that does business in New Jersey as well as other states.

6.      U.S. Home Systems is the largest seller of kitchen cabinet refacing in the United States.  Part of Defendants' business includes installing kitchen and bathroom cabinets which are purchased at retailers such as Home Depot.

7.      On information and belief, U.S. Remodelers and U.S. Home Systems have common management, centralized control of labor relations, common ownership and financial control, overlapping employees and interrelated operations such that these entities operated as a single, integrated enterprise and/or joint employers with regard to the employment of Plaintiff and all persons similarly situated.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and over Plaintiff's NJWHL claim pursuant to 28 U.S.C. § 1367.

9.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by U.S. Remodelers as measurement technicians in the United States during the longest period of time permitted by the applicable statute of limitations (the "Statutory Period") and who were non-exempt employees within the meaning of the FLSA (including both those who classified by Defendants as employees and those who are misclassified by Defendants as independent contractors but who are in fact employees) and who were not paid wages, both for hours worked and overtime, in violation of the FLSA (the "Collective Action Class"). The Collective Action Class does not include Defendants' directors, officers or members of their families.

11. The practices of failing to pay wages and overtime complained of herein affect each member of the Collective Action Class. The members of the Collective Action Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of Defendants.

12. There exist no conflicts of interest as between the Plaintiff and the other Collective Action Class members. The Plaintiff has retained counsel that is competent and experienced. The Plaintiff and his counsel will fairly and adequately represent the interests of the Collective Action Class.

13. This collective action is superior to any other method for the fair and efficient adjudication of this dispute. The damages suffered by many members of the Collective Action Class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Collective Action Class members to attempt to vindicate their interests individually. There will be no extraordinary difficulty in the management of this collective action.

14. The claims of Plaintiff are typical of the claims of the Collective Action Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

15. Defendants have acted or refused to act on grounds generally applicable to the Collective Action Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Collective Action Class as a whole.

16. All Collective Action Class members have been damaged in the same fashion, by the same conduct. The degree of damages suffered by individual Collective Action Class members is readily calculable according to an ascertainable formula. For these reasons, questions of law and fact will predominantly be common to the Collective Action Class. Among the questions of law and fact common to the Collective Action Class are:

    a. whether Defendants failed and/or refused to pay the Collective Action Members both for hours worked and overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    b. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    c. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    d. whether Defendants should be enjoined from such violations of the FLSA in the future.

## NJWHL CLASS ALLEGATIONS

17. Plaintiff sues on his own behalf and on behalf of a class of persons pursuant to Federal Rule of Civil Procedure 23.

18. The class is comprised of all persons who were employed by Defendants as measurement technicians in the State of New Jersey during the Statutory Period who were non-exempt employees within the meaning of the NJWHL and have not been paid wages, both for hours worked and overtime, (the "New Jersey Class" or the "Class"), in violation of the NJWHL. The New Jersey Class does not include Defendants' directors, officers or members of their families.

19. The practices of failing to pay wages and overtime complained of herein affect each member of the Class. The members of the Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of Defendants.

20. There exist no conflicts of interest as between the Plaintiff and the other Class members. The Plaintiff has retained counsel that is competent and experienced. The Plaintiff and her counsel will fairly and adequately represent the interests of the Class.

21. This class action is superior to any other method for the fair and efficient adjudication of this dispute. The damages suffered by many members of the Class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Class members to attempt to vindicate their interests individually. There will be no extraordinary difficulty in the management of this Class action.

22. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

23. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

24. All Class members have been damaged in the same fashion, by the same conduct. The degree of damages suffered by individual Class members is readily calculable according to an ascertainable formula. For these reasons, questions of law and fact will predominantly be common to the Class. Among the questions of law and fact common to the Class are:

   a. whether Defendants failed and/or refused to pay the members of the Class both for hours worked and premium pay for hours worked in excess of forty hours per workweek, in violation of the NJWHL;

   b. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interests, costs and disbursements and attorneys' fees; and

   c. whether Defendants should be enjoined from such violations of New Jersey law in the future.

## FACTS

25. At all relevant times, Defendants operated a business which, in relevant part, installs kitchen and bathroom cabinets purchased from retailers such as Home Depot.

26. From in or about May 2008 until the present, Plaintiff was employed as a measurement technician by U.S. Remodelers in New Jersey. A measurement technician's job duties include visiting the homes of customers who have ordered new cabinets to verify measurements to be used to ensure that the proper type and amount of product and materials are being ordered prior to commencement of the cabinet installation process.

27. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

28. Plaintiff was supposed to be paid a fixed hourly wage.

29. Plaintiff often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff for hours actually worked in excess of 40 hours a week, and failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate for hours worked in excess of 40 hours a week.

30. The foregoing are but a few examples of a regular and systematic practice of Plaintiff being denied wages for hours worked and overtime.

31. Throughout the Statutory Period, U.S. Remodelers has likewise employed other individuals like the Plaintiff, both in New Jersey and in other states, in non-exempt

positions and that did not include any managerial responsibilities or the exercise of independent judgment.

32. Such other individuals have worked in excess of 40 hours a week, yet Defendants have willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for hours actually worked, in violation of the FLSA and the NJWHL. As stated above, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

33. Throughout the Statutory Period, upon information and belief Defendants failed to maintain accurate and sufficient time records.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

34. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

35. At all relevant times, Defendants each has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

36. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, Defendants each has had gross annual revenues in excess of $500,000.

38. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

39. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to employees for their hours worked in excess of forty hours per workweek as well as for actual hours worked.

40. As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for actual hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 2-1 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

43. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from U.S. Remodelers, jointly and severally with U.S. Home Systems, their unpaid hours worked and overtime compensation, an additional amount equal to one-hundred percent (100%) of their unpaid wages and overtime pay as liquidated damages, pre-and post judgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW JERSEY WAGE AND HOUR LAW

44. All previous paragraphs re incorporated as though fully set forth herein.

45. Defendants are an employer covered by the overtime pay requirements of the NJWHL, and Plaintiff and the New Jersey Class Members are current and former employees entitled to NJWHL's protections.

46. The NJWHL provides that employees who work over 40 hours in a workweek shall be paid "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. § 34:11-56a4.

47. Defendants violated the NJWHL by failing to pay Plaintiff and the New Jersey Class Members for hours actually work, and the legally required hourly overtime premium for hours worked over 40 in a workweek.

48. In violating the NJWHL, Defendants acted willfully and with reckless disregard of clearly applicable NJWHL provisions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and the Collective Action Class, requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective Action Class, appointing Plaintiff and his counsel to represent the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patters set forth herein;

d.  An award of unpaid wages and overtime compensation due under the FLSA against U.S. Remodelers, jointly and severally with U.S. Home Systems;

e.  An award of liquidated and/or punitive damages against U.S. Remodelers, jointly and severally with U.S. Home Systems, as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  An award of pre-judgment and post-judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      h.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 19, 2009

                            LIDDLE & ROBINSON, L.L.P.

                        By: _/s/ Michael E. Grenert_
                            Michael E. Grenert
                        800 Third Avenue
                        New York, New York 10022
                        Telephone: (212) 687-8500
                        Facsimile: (212) 687-1505
                        E-mail: mgrenert@liddlerobinson.com
                        ATTORNEYS FOR PLAINTIFF

Of Counsel:

Samuel Deskin, Esq. (Cal Bar #216974)
Deskin Law Firm, a professional law corporation
1020 S Sherbourne Dr., Suite 204
Los Angeles, CA 90035
Telephone:  (310) 720-3634
Facsimile:  (310) 360-9882

A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, U.S. Remodelers, Inc. and U.S. Home Systems, Inc. I have been provided with a copy of the Retainer Agreement with Liddle & Robinson, L.L.P. and I agree to be bound by its terms.

_____  
Signature

Anthony Zascone  
Printed Name

11/19/09  
Date